UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANA MORSE | : | |
| | : | PRISONER |
| v. | : | CASE NO. 3:08cv1757 (SRU) |
| | : | |
| P.O. ROBERT NELSON and | : | |
| P.O. JOSEPH HAGGAN. | : | |

**INITIAL REVIEW ORDER**

Plaintiff Dana Morse, incarcerated and *pro se*, has filed a complaint under 42 U.S.C. § 1983 (2000). The defendants are Connecticut Parole Officers Robert Nelson and Joseph Haggan. Morse asserts claims for violation of his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights in connection with his arrest and parole revocation. For relief, Morse seeks damages and asks that the defendants be charged with federal crimes.

Pursuant to 28 U.S.C. § 1915A (2000), the Court must review prisoner civil complaints against governmental actors "as soon as practicable after docketing," and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). The Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombley*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). Conclusory allegations

are not sufficient.  The plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim *plausible*."  *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007), *cert. granted sub nom.*, *Ashcroft v. Iqbal*, 128 S. Ct. 2931 (2008).  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)).

Morse seeks the criminal prosecution of the defendants.  Morse has no right to seek the prosecution of another person.  See S. v. D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  This request is dismissed.

Morse includes no factual allegations in his complaint.  Thus, he has not provided fair notice to the defendants or demonstrated a right to relief.  However, he filed a similar action in the Western District of Wisconsin.  *See Morse v. Krueger*, No. 08-cv-632-bbc, 2008 WL 5119536 (W.D. Wis. Dec. 4, 2008).  In the amended complaint filed in the Wisconsin case, Morse alleged that he was a Wisconsin-sentenced prisoner living in Connecticut and supervised by Connecticut parole officers pursuant to an Intestate Compact Agreement.  On November 27, 2006, defendant Nelson arrested Morse for crimes allegedly committed in Maine.  The Connecticut Board of Parole held a probable cause hearing.  On January 11, 2007, based on a positive match of Morse's fingerprints and those from the Maine crime scene, the Parole Board found probable cause that Morse had committed the crimes in Maine.  On February 6, 2007, Morse was then extradited to Wisconsin for a parole revocation hearing.  *See id.*, Doc. #12.

Morse states that his current address is the Maine Correctional Center.

In this action, Morse alleges violation of various constitutional rights in connection with his arrest, the probable cause hearing and his extradition. Although the complaint sets forth no factual basis for any claims against defendant Haggan, Morse alleged in the Wisconsin action that defendant Nelson arrested him arrest and drafted a report stating that he had violated parole. Thus, his claim against defendant Nelson is a claim for false arrest. When considering constitutional claims of false arrest, the court looks to state law. In Connecticut, if an arrest is legally authorized, a false arrest claim necessarily fails. *See Russo v. City of Bridgeport*, 479 F.3d 196, 203-04 (2d Cir. 2007). Morse alleged in the Wisconsin case that the Board of Parole found probable cause for his arrest and, it appears, that he currently is serving a sentence for the Maine crimes. Thus, Morse fails to state a claim for false arrest.

## Orders

The court enters the following orders:

(1)     The complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A. Morse may move to reopen this case if he can allege facts demonstrating that either defendant violated his constitutional rights. Any motion to reopen must be filed within **thirty (30)** days from the date of this order and accompanied by an amended complaint alleging facts supporting a cognizable claim.

(2)     The Clerk is directed to enter judgment and close this case.

Entered at Bridgeport, Connecticut this 11th day of December 2008.

                                         /s/ Stefan R. Underhill
                                         Stefan R. Underhill
                                         United States District Judge