UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2009 JAN -7  A 11: 52
PRISONER COMPLAINT
CASE NO. 3:08cv1757 (SRU)
U.S. DISTRICT COURT
...EPORT, CONN

DANA MORSE

v.

P.O. ROGER NELSON

### A. JURISDICTION & VENUE

1.      This is a civil action authorized by 42 U.S.C. 1983 & 1985 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks compensatory damages and punitive damages.

2.      The District of Connecticut is an appropriate venue under 28 U.S.C. section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

### B. PLAINTIFFS

3.      Plaintiff, Dana P. Morse, is a prisoner of the State of Maine in custody of the Maine Department of Corrections. He is currently confined in Maine Correctional Center in Windham, Maine.

### C. DEFENDANTS

4.      Defendant, Parole Officer Roger Nelson, is an official law enforcement agent of Middlesex County, State of Connecticut as of the time to giving rise in this claim.

### D. PREVIOUS LAWSUITS

5.      <u>First Lawsuit</u>

a. UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF WISCONSIN. Filed December 8, 2008.

b. COMPLAINT Civil Action No. 08-cv-632-bbc.

c. Lawsuit about unlawful arrest, illegal extradition, falsified information
provided by authorities and agents as conspired. Right to confront
"adverse" information to plaintiff as defendant violated. Plaintiff's right
to court access violated and violation of due process of law and equal
protection of law violated. Right to speedy trial in jurisdiction where crime to
have been committed violated.

d. Not yet litigated

6.    Second Lawsuit

        a. UNITED STATES COURT DISTRICT OF MAINE filed October 20,2008.

        b. Civil No. 8-366-P-H

        c. Lawsuit about unlawful arrest, illegal extradition, falsified information
        provided by authorities and agents as conspired. Right to confront
        "adverse" information to plaintiff as defendant violated. Plaintiff's right
        to court access violated and violation of due process of law and equal
        protection of law violated. Right to speedy trial in jurisdiction where crime to
        have been committed violated.

        d. Not yet litigated

## E.  FACTS (REASON FOR COMPLAINT)

1.      On November 27, 2006, plaintiff Dana Morse was arrested and detained to Corrigan
Correctional Facility in the State of Connecticut by State's Official <u>Roger Nelson</u> for crimes
alleged to have been committed by plaintiff in Cumberland County, State of Maine.

2.      On January 8, 2007, a preliminary probable cause hearing was conducted by the Board of
Pardons and Paroles of the State of Connecticut in Gates Correctional Facility. Upon this hearing
the plaintiff received information that a positive match of fingerprints was found from an NCIC
comparison of the plaintiff to a suspect arrested in Cumberland County of the State of Maine.
The plaintiff received a violation report, (**Exhibit B**), drafted by Officer <u>Nelson</u> that stated that
such a positive match was found as the result of the comparison. The plaintiff, Dana Morse,
denied the allegations and stated at the audibly recorded hearing that such a match "was not
found" from him to the suspect.

3.      On January 11, 2007, probable cause was found that the plaintiff committed the alleged
acts in the State of Maine upon information and report of a positive identification of the plaintiff
to the suspect from the fingerprints comparison. On February 6, 2007, plaintiff Morse was
released from Ct. Correction's custody and extradited to the State of Wisconsin to address the
criminal violations that occurred in the State of Maine according to the officials of the State of
Wisconsin, (**Exhibit C**). The plaintiff was being supervised from an interstate agreement in CT
fro WI probation. The plaintiff was received in Dodge Prison of Wisconsin on or about
February 17, 2007.

## F.  CLAIMS DESCRIBED

4.      Documents attached to support the complaint are to be referenced in the following
claims:

5.      (**Exhibit A**), displays documents of Westbrook Police Department. 12 pages are
contained in this exhibit. Arrest reports show that of arrest, release and summons of a suspect
identified as David Morse on September 23, 2006. Information and accusations as initially
claimed were provided by Officer Youland of Westbrook of Maine Police to defendant Officer

Roger Nelson. Under Maine law, 15 M.R.S.A. CHAPTER 7, FRESH PURSUIT, which by statute may be cited the "Uniform Act on Fresh Pursuit", defines the pursuit of a person "who is reasonably suspected of having committed such a crime..."

6.      (**Exhibit A**), Supplemental Report #0609002051 states, "on November 27, 2006 I spoke with Jen Norbert again and asked what we needed to charge Dana Morse with these crimes instead of David." Officer Youland goes on to state that "On November 28, 2006 <u>Roger</u> called back and informed me that Dana got locked up and was being held." This establishes that Dana Morse was arrested on fresh pursuit and this was confirmed.

7.      **15 M.R.S.A. 155, Hearing**: If an arrest is made in this State by an officer of another state in accordance with section 154, **he shall without unnecessary delay take the person arrested before a magistrate of the county in which the arrest was made who shall conduct a hearing for the purpose of determining the lawfulness of the arrest.** If the magistrate determines that the arrest was lawful, he shall commit the person arrested to await for a reasonable time the issuance of an extradition warrant by the Governor of this State or admit him to bail for such purpose. If the magistrate determines that the arrest was unlawful, he shall discharge the person arrested.

8.      Illegal seizure commenced upon warrantless arrest, violation of due process of law, equal protection of the laws and violation of access to the courts by <u>Officer Nelson.</u>

<u>Graham v. National Collegiate Athletic Ass'n,</u> C.A.6 (Ky.) 1986, 804 F.2d 953
<u>Katona v. City of Cheyenne,</u> D.Wyo.1988, 686 F.Supp. 287
<u>Austin v. City of East Grand Rapids,</u> W.D.Mich.1988, 685 F.Supp. 1396
<u>Hunt v. Jaglowski,</u> N.D.ILL.1987, 665 F.Supp. 681.

9.      **15 M.R.S.A. 214. Arrest without warrant; hearing.** The arrest of a person may be lawfully made by an officer of a private citizen without a warrant, <u>upon reasonable information</u> that the accused stands charged **in the courts of another  state** with a crime punishable by death or imprisonment for a term exceeding one year; **but when so arrested, the accused must be taken before a judge or magistrate with all practicable speed and complaint must be made against him under oath setting for the the ground for the arrest** as in section 213. Thereafter his answer shall be heard if he had been arrested on a warrant.

10.     Defendant <u>Officer Nelson</u> was liable for violation of plaintiff's rights of due process and equal protection of these laws as in (Id. IT 7-9).

<u>Bradley v. Extradition Corp. of America,</u> W.D.La.1991, 758 F.Supp. 1153

11.     (**Exhibit C**), displays documents of State of Wisconsin Department of Corrections which will be referenced for the following facts:

12.     "Mr. Morse was scheduled for a preliminary hearing on 1/8/07, before the Board of Pardons and Paroles. On 1/11/07, there was finding by the State of Connecticut, Board of Pardons and Paroles, that there was probable cause to believe that Mr. Morse has violated one or more of the conditions of his Parole... On 2/17/07 Mr. Morse was extradited back to Wisconsin."

13.     A preliminary probable cause hearing was not conducted until 42 days after the plaintiff was arrested. In <u>Katona v. City of Cheyenne,</u> D. Wyo.1988, 686 F.Supp. 287, violations of fourth amendment requirement of <u>judicial</u> determination of probable cause as prerequisite to extend

restraint of liberty following arrest are redressable under this section. In <u>Morse v. Nelson</u> there was no judicial determination and only a preliminary hearing conducted by the Board of Paroles and Pardons 42 days after arrest. Also see <u>Hunt v. Jaglowski</u>, N.D.ILL.1987, 665 F.Supp. 681. This states a claim under this section for holding a prisoner only 24 hours where they sought to build a case against him. At this hearing plaintiff received information that he was identified as a suspect that had committed crimes in the State of Maine upon a "positive match" of a fingerprint comparison. Plaintiff Morse denied these allegations and stated that he was *not* in the State of Maine at this time therefore they were *not* his fingerprints found in Maine. He did not violate his conditions by leaving the State of Connecticut without permission as was stated. This information was "adverse" to the plaintiff Morse at that time.

14.     (**Exhibit B**) displays documents of reports by Interstate Commission for Adult Offender Supervision drafted by <u>Officer Roger Nelson</u>. The report states, "A criminal history check was conducted through NCIC on Dana Morse and a finger print ID was located. NCIC fingerprints were compared to the fingerprints taken in the Operating Under Influence suspect by Cumberland County Corrections Officers and a positive match between the Operating Under Influence suspect prints and NCIC prints of Dana Morse were found."

15.     (**Exhibit A**) drafted by Officer Youland states, "On November 13, 2006 I met with Evidence Technician Hanlon to discuss comparing the fingerprints taken at County Jail on September 23, 2006 with the fingerprint classification that came back on Dana Morse NCIC Hit. E.T. Hanlon determined that the two cards received from the Cumberland County Jail were *not* classifiable."

16.     In no reports or information received by Police of officials of Maine is it documented or verified that a "positive match between the Operating Under Influence suspect prints and NCIC prints of Dana Morse were found." This information as probable cause is falsified and fabricated by <u>Officer Nelson</u> as is reported. This condition is believed to have been conspired between the defendant and Maine authorities.

17.     <u>Borrunda v. Richmond</u>, C.A.9(Cal.)1988, 885 F.2d 1384, rehearing denied

**Intentionally false report, directly causing parolees loss of liberty, can state a cause of action for deprivation of parolee's constitutional rights; parolee has liberty interest in not having his conditional release unfairly revoked to extent that his initial confinement, prior to a probable cause hearing, is a direct result of the parole officer's actions.**

<u>Taylor v. Sullivan</u>, S.D.N.Y.1997, 980 F.Supp. 697 affirmed 166 F. 3d 1201.

18.     <u>Morrissey v. Brewer</u>, 408 U.S. 471 (1972), The Supreme Court held that a parolee enjoys a "conditional liberty" protected by due process. Minimal entitlement at the preliminary hearing, "(5) a written decision containing the facts and reasoning for finding probable cause" was never received by the plaintiff Morse as the facts and reasoning for finding probable cause was falsified and established by previous statute and law, was to be held before a judge or magistrate without unnecessary delay with all practicable speed;.

19.     Minimal entitlement, "(6) the right to confront those providing adverse information". The right to confront those providing adverse information was violated as those providing this adverse information was not provided as in (5).

20.     (**Exhibit C**), "In November police discovered via NCIC and fingerprints that the offender was actually Dana Morse... On 2/17/07 Mr. Morse was extradited back to Wisconsin." This was Officer Nelson's recommendation as in his report. This caused further deprivation of plaintiff's right to a speedy trial for alleged crimes in the State of district where the crimes were to have been committed. Plaintiff was held by Nelson without warrant, charge, indictment, probable cause that was falsified in order to hold Morse and further oppress and deprive him of his rights protected by the constitution.

21.     The following paragraphs will further illustrate and support a conspiracy which was initiated and "acted" upon by defendant <u>Nelson</u> with other state's actors. These actions include continuation of this conspiracy and misconduct after initial conspiracy to present falsified evidence, (**Exhibits A & B**). These actions include unlawful transport of falsely imprisoned plaintiff to further violate prisoner's right to confront "adverse" allegations and evidence claims and or witnesses thereof, which was vehemently denied at the preliminary hearing. This contributed to violation by obstruction and interference of rights to the court secured by the Constitution.

22.     (**Exhibit A**) provides Officer Youland's letter dated <u>December 13,2006</u>, which states, "His parole was revoked by Roger Nelson due to these allegations. Portland Maine District Attorneys Office will charge Dana with above crimes based on a fingerprint match." This is in direct contradiction with evidence technicians reported on <u>November 13, 2006</u>.

23.     (**Exhibit C**) displays fabrications of claims as conspired by officer Krueger of WI. Kruger states, "Police discovered via NCIC fingerprints that the offender was actually Dana Morse." She then later states, "<u>It was understood</u> that Maine officials <u>were not</u> going to pursue charges... It was our understanding <u>from Connecticut officials</u> that <u>Maine was not going to charge Mr. Morse</u>."

24.     CT, ME, & WI "officials" clearly knew what the intent was here as conspired. In fact, Morse was indicted by Maine Attorney's Office on March 8, 2007, two weeks after Morse was received in Wisconsin. Morse was not informed of this until May. (**Exhibit A**) dated January 10,2007 from Officer Youland states, "ME Cumberland County District Attorney <u>will be</u> charging Dana towards the end of January." All of this activity was performed very maliciously as intended. The results caused severe multiple infringements upon the Constitution for the United States on unimaginable proportions.

## G.  REQUEST FOR RELIEF

25.     Plaintiff requests relief for compensatory and punitive damage that defendant is liable for. What gave rise to the damage was unlawful arrest, falsified evidence to alleged probable cause, slander, defamation of character, conspiring, false imprisonment and loss of liberty in violation of due process, equal protection of the laws and illegal unconstitutional extraditions. ME defendant is liable for these damages as well as loss of wages, loss of property (personal), public humiliation, pain and suffering, mental and emotional anguish, cruel and unusual punishment, attorneys fees, tax loss, interest and penalties compensated

Convicted defendant's @ 1983 claim against arresting officers, based on alleged fabrication of evidence, was not barred by defendant's failure to bring habeas corpus action attacking validity of conviction, but rather was seeking monetary damages from officers for alleged misconduct. <u>LaBoy v. Zuley, N.D.ILL.</u> 1990, 747 F.Supp. 1284, motion to vacate denied 749 F.Supp.184.

Complaint alleging that sheriff's deputies arrested plaintiff but did not take him before a magistrate and that sheriff and jailer allowed plaintiff to remain in jail without being taken before a magistrate stated cause of action against sheriff, deputies and jailer for false imprisonment. Perry v. Jones, C.A.5 (Tex.) 1975, 506 F.2d 778.

Under Ohio law, party's plea of guilty to underlying criminal charges did not estop him from asserting, in subsequent civil rights action, that asserting officer's conduct deprived him of constitutional rights; propriety of officer's actions was never "actually litigated" in criminal proceeding, and would not have been "necessarily determined" in such proceeding. Iver v. City of Reynoldsberg, S.D. Ohio 1991, 756 F.Supp. 344.

## H. DECLARATION UNDER PENALTY OF PERJUTY

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge. I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000. See 18 U.S.C. @@ 1621, 3571.


Signature: _Dana Morse_

Signed at _CMPRC_ on _2-25-08_
(Date)



On 09/23/2006 at approximately 2132 hours I officer Robinson while making a right hand turn from Cumberland St onto Harnois Ave observed a tan pick up truck traveling in the wrong direction on Harnois Ave, which is a one way street. I then observed the pick up truck almost crash head on with another vehicle. I then activated my emergency blue lights and pulled up behind the pick up truck, which stopped, then proceeded to travel in the wrong direction onto Cumberland Street, which is also a one way street, then making a right hand turn into the Rite Aid parking lot before coming to a stop.

I then ran the license plate with dispatch as Connecticut combination vehicle 5CR895. The vehicle came back as not on file. I then exited my cruiser and approached the driver's side of the Tan Chevy Silverado. As I walked towards the driver's side door I noticed in the rear bed of the truck a plastic box with about 10 empty Budweiser beer cans and a Jack Daniels liquor bottle. I then spoke with the driver of the vehicle and requested from him his drivers license, registration and proof of insurance. The driver then fumbled threw the glove compartment and produced to me an envelope. The driver told me that he did not have his license on him and believed that his registration and insurance were in the envelope. I then asked the driver for his name and date of birth. The driver told me that his name was David Morse and slurred as he told me that his date of birth was 08/10/1969. As I spoke with David I smelled a strong odor of intoxicating liquor coming from his breath. I then asked David who told me he wasn't sure where his license was to continue searching for it and that I would return to the vehicle in a moment. I then contacted Officer Farrenkopf and advised him that I was with a suspect that I believed to be intoxicated and requested his assistance if I should have to conduct FST's.

I then approached the vehicle the second time and asked David if was able to locate his drivers license. David told me that he could not locate the license. After speaking with David for a few minutes Officer Farrenkopf arrived on scene. I then requested David to exit the pick up truck. David did so, as David stepped out of his vehicle I noticed that he was uneasy on his feet and could not keep a constant balance. David then walked to where I was standing, which was approximately 10 feet from his truck. I then asked David where he was heading to and he told me that he was traveling to a friend's house but could not give me a location. I then asked David where he was traveling from and he told me that he was coming from his house in Connecticut. I asked David how long he had been on the road and he told me only a couple of hours. I then asked if he had consumed any alcohol this evening and advised him that I could smell some alcohol. David replied with "right, right I had a little bit earlier, but that was before I started driving". I then asked David if he would object to conducting a Field Sobriety Test to ensure that he was not too intoxicated to drive. David paused for a moment, thought about my question and said "I don't want any trouble, I don't want to get arrested, I'm not gonna get arrested am I?" I then advised David that I would have to do my job and he eventually agreed to conduct FST's.

I then asked David if he could count backwards starting with the number 74 and stopping on the number 58. David agreed to do so and counted backwards in the following sequence:

07 74 73 72 71 70 69 68 67 stuttered at 66 65 64 63 62 61 60 long pause 59 58 57.

I then asked David to conduct a finger dexterity test. Prior to David conducting the test I asked him if he had any problems with his hands or had any surgeries with them. David said "Yeah a little bit". I then gave him a demonstration on how to do so and asked if he felt if he could perform the test. David replied with "Yeah I think so" I instructed David to touch his thumb tip to each of his finger tips starting with his thumb to index finger then continuing to his middle, ring, and stopping at his pinkie finger. I then instructed David to then




# Westbrook Police Department
## Arrest Report

touch his thumb to his pinkie finger and go in reverse stopping at his index finger. I explained to David that I needed him to do three sets of what I just showed him. David said that he understood and began the finger dexterity test. David failed this portion of the test because he could not touch thumb tip to finger tips in the correct order.

I then asked David if he had any recent head injuries or if he was on any medications. David then stated that he had an ear infection and that he was taking antibiotics for it. David stated "my equilibrium is a little off" I then asked David if he needed eye glasses or contacts and he stated "just to read".

## HGN
I then explained to David how to perform during the HGN portion of the FST. David told me that he understood and I began to conduct HGN on David. As I conducted HGN on David I had to tell him to keep following my pen with his eyes. At one point during HGN David said "wait, what am I looking at?" As I conducted HGN I noticed that David's balance was off and he swayed back and forth. I was unable to notice nystagmus during HGN because David would not follow the tip of my pen with his eyes.

## WALK AND TURN
I then demonstrated and administered the walk and turn portion of the testing and observed:
1. David could not keep balance while in the demonstration position.
2. David started before being instructed to start
3. David stepped off line while walking
4. David Does not touch heel to toe
5. David takes the incorrect amount of steps out.
6. David conducts and improper turn.

## ONE LEG STAND.
Prior to conducting this portion of the testing David said to me "Ahh my knees are shot"

I then gave instructions and demonstrated the one leg stand portion of the testing and observed:

1. David uses arms for balance
2. David sways during test
3. David hopes during test
4. David puts foot down at the count of two

David then switched from his left foot and started the test over using his right foot. David then began to loose balance as he hopped backwards. I then terminated the one leg stand potion of the test for David's safety.

After securing the FST's I told David to place his hands behind his back and informed him that he was under arrest for OUI. I then handcuffed David behind his back, double locked them, and checked for a proper fit. I then began a frisk search of David's person with a negative result for contraband. With the help of Officer Farrenkopf I placed David in the rear passenger side of my cruiser and seat belted him.

Search incident to David's arrest Officer Farrenkopf and I searched David's vehicle. In the rear bed of David's truck I found 10 empty Budweiser beer cans and an empty Jack Daniels whiskey bottle.




Westbrook Police Department
Arrest Report

I then transported David to the Cumberland County jail arriving at 22:10. While at the jail I asked David if he would conduct an Intoxilyzer test to determine his BAC. David said to me "No I don't trust those machines" after several chances to conduct the test and after reading David implied consent he still refused to perform on the Intoxilyzer.

Disposition- David Morse was arrested and charged with OUI with a court date of 11/27/2006. David's vehicle was towed by Nappi's towing and impounded in their lot. Along with this report I have included a DVD recording of this entire incident with David Morse.

Robinson, Philip W
Westbrook Police Dept.




Westbrook Police Department
Supplemental Report

Incident Number #0609002051

On September 23, 2006 I, Officer Robinson arrested a suspect who identified himself to me as David Morse giving me his date of birth as 08/10/1969. I observed the suspect operating a Chevy pickup truck the wrong way on a one way street. I subsequently arrested the suspect for OUI.

As I spoke with the suspect on the traffic stop I requested from him his driver's license. The suspect told me that he could not find his drivers license or registration. I then asked the suspect to provide me with his name and date of birth. The suspect did so telling me that his name was David Morse 08/10/1969. As I spoke with the suspect I called him by the first name he provided "David" and each time I used that name the suspect acknowledged and answered me.

After arresting the suspect I searched the pick up truck and discovered a wallet that was stuffed between the driver's seat and the crack of the middle seat. I thought that I may find documentation that could positively identify the suspect so I searched the wallet for a driver's license or State identification card. I was not able to find a drivers license or State ID card but remember finding a building ID/Key card with a picture of the suspect. The name on the ID was listed as "Dana Morse" Thinking that Dana may have been a nick name I did not investigate the suspect's identification any further as he provided me with a name, date of birth and address that was licensed out of Connecticut. All of the identification information that the suspect provided me with perfectly matched the information that dispatch relayed to me.

I then transported the suspect to the Cumberland County Jail where he told me that he was in the United States Navy during the first Gulf War and also worked for the United States Post office in Connecticut. The suspect also told me that his Social Security Number was 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. The suspect was then photographed and fingerprinted by corrections officers.

On November 6, 2006 I was advised by Officer Peter Youland that a Mr. David Morse (DOB 08/10/2006) had been in contact with the Police Department stating that someone had used his name and DOB when they were arrested on 09/23/2006. Mr. Morse stated that he was working at the U.S Post Office in Middletown Connecticut on the night of the suspect's arrest. Mr. Morse stated that his family owns a camp on Great Diamond Island here in Maine and believes that the suspect that I arrested was his brother Dana Morse (DOB 08/27/1963) and that his brother Dana was in Maine traveling to the family camp on Great Diamond Island. Mr. Morse stated to Officer Youland that he was in the Navy during the Gulf war and that he works for the U.S Post office not his brother Dana.

After reviewing a photograph of Dana Morse that was provided to us by the department of Connecticut Corrections and the photograph of the OUI suspect that was taken by the

Philip Robinson
File: Dana Morse



**Westbrook Police Department**
**Supplemental Report**



Cumberland County Sheriff's department/Jail I found that the two photos were identical matching Dana Morse.

Disposition- Requesting Warrant for arrest on Dana Morse (DOB 08/27/1063) and the charges of OAS and 29A 105-4 "failing to provide correct name, address and DOB be included with this report.

_____ 11/27/2006
Philip W. Robinson
Patrolman Westbrook Police Dept.

Philip Robinson
File: Dana Morse

Case Number

Westbrook Police Department Supplement
Case # 0609002051

On November 6, 2006 I received an e-mail from Sergeant Lyons indicating that a David Morse was arrested by Officer Phil Robinson on September 23, 2006. Apparently David Morse contacted Det Sgt Lyons and indicated that someone was using his name and it was not him that was arrested on September 23, 2006.

I called David Morse on November 7, 2006 at the number he had left. When I talked to him he was at work and I was talking to him on his cell phone. David is a postal carrier in Connecticut and was at work when I called. He told me that he was not in Maine in September and he works six days a week. I told him that we had a picture and finger print cards that were taken from the person that we arrested. I also told him that the person arrested was on video and his vehicle with Connecticut plates was towed. David asked me who the vehicle belonged too. I told him the registered owner Michele Morse and the address and he said that is my sister in-law. He then told me that it was most likely his brother Dana who we arrested and that Dana was a long time criminal and he could not believe he would do such a thing. David told me that Michele Morse is Dana's wife. David asked what he could do to clear his name. I told him that I would look into this further.

On November 8, 2006 I ran a criminal history check on Dana Morse DOB of 08-23-1973 and received it on November 9, 2006. In fact Dana does have a criminal history and his license is under suspension.

On November 13, 2006 I met with Evidence Technician Hanlon to discuss comparing the fingerprints taken at County Jail on September 23, 2006 with the fingerprint classification that came back on Dana Morse Ncic Hit. E.T. Hanlon determined that the two cards received from the Cumberland County Jail were not classifiable.

On November 15, 2006 I talked with Jen Norbert at the D.A.'s Office and told her everything I had up to this Point. I suggested to her that we do something before the November 27, 2006 court date. Jen told me that she would no complaint the case and asked me to investigate this further.

On November 21, 2006 I called David Morse back and asked him if he could write a statement and go and get himself fingerprinted at the local Police Department. He said he would after the Holidays meaning thanksgiving.

On November 27, 2006 I spoke with Jen Norbert again and asked what we needed To charge Dana Morse with these crimes instead of David. She recommended that I get a photo of Dana from Conn and show it to Officer Robinson and compare it to the Cumberland County booking photo, and get an updated statement from Officer Robinson. I called the Connecut State Police on November 27, 2006 and received information through a driver inquiry that Dana had been in Prison ( Corrigan) and I was given the phone number to call. I was also given information that Dana was on Parole and that his Parole Officer was a Roger Nelson. I spoke with Karen Danis at Corrigan Prison and she e-mailed me a Photo of Dana Morse.

On November 27, 2006 I called Roger Nelson Parole Officer for Dana Morse. While talking with him he informed me that this would be Dana's seventh Oui and he was to see Dana that night for check in. He wanted to get a copy of the report that I had and run it by his supervisor to revoke Dana that night. I faxed Roger Nelson a copy of Officer Robinsons report and booking photos of Dana that the County Jail had taken.

On November 28, 2006 Roger called back and informed me that Dana got locked up and was being held.

On December 13, 2006 I contacted Roger Morse by phone. He told me that I needed to contact Karen Danis at Corrigan Correctional Center in Conn to get a set of prints. I called Karen and she referred me to a Mary Archer at Gates Correctional. Dana was transferred to that location. I spoke with Mary and she asked for a written request from me to have the prints taken. I sent her a letter via fax. See attached. I hope to get prints next week.

On January, 2, 2007 I received a print card and a new photo from Conn. I looked at the print card and could not determine if the prints would be useable or not. I gave the print card to Steve Hanlon our evidence tech. I am submitting this report for review.

Officer Peter Youland

 

# Westbrook Police Department
## Arrest Report

| CASE | | |
|---|---|---|
| Case Number | Arrest / Detention Class **Adult** | Refer Case Number **0609002051** |
| Arresting Officer & ID **Robinson P.W 28** | Date / time Arrest **09/23/2006 2132** | Location of Arrest **465 Main St Rite Aid Lot.** |
| Assisting Officer & ID **Farrenkopf J. 37** | Searched Officer & ID **Robinson P.W 28** | Transport Officer & ID & Transport Vehicle **Robinson P.W 28 Vehicle # 06-03** |

**DEFENDANT**

| Name (Last, First Middle) **Morse , David E** | Hair & Eyes **BRO L BRO R BRO** | Sex **M** | Race **W** | Ethnic **N** | Height & Weight **5 Ft. 10 In. 180 Lbs.** |
|---|---|---|---|---|---|
| Address **66 Wiese Albert Rd Higganum Ct** | Home Phone | Dob **8/10/1969** | | SSAN **043600439** | |
| Name & Address of Employer **U.S Postal Service Crownwell Ct** | | | | Work Phone **043.60.2931** | |
| Reason for Caution **NONE** | Condition of Arrestee **Cooperative/Intoxicated** | | Branch / Time of Military Service **U.S Navy 1991** | | |
| Aliases | Nationality **AMER** | OLN / State **084864360 CT** | | POB City / State **Middletown CT** | |
| Scars / marks / tattoos **NONE** | | | | | |
| Guardian Name or Signature | | Work Phone | Home Phone | | Release Date |

**VEHICLE**

| Code **Used in Crime** | License No **5CR895** | State **CT** | Year **2006** | VIN **1GCEC14W5YZ222669** | | Inventory **Yes** |
|---|---|---|---|---|---|---|
| Year **2000** | Make **Chevy** | Model **Silverado** | Style **TRUCK** | Main Color **Tan** | Characteristics | |
| Towed By **NAPP!** | Hold Reason **NONE** | | Person Notified | | Date / Time Hrs. | |

**CHARGES**

| Charge | MRSA Title / Sec / Class | ATN | Sequence No |
|---|---|---|---|
| **O.U.I** | **29A 2411 D** | **4908065A** | **009878** |

**BOOKING**

| Disposition Code **J = Cumberland County Jail** | Fingerprinted **Yes** | Bail Comm / PP Officer | Court Date **11/27/2006** |
|---|---|---|---|
| Bail Set At | | | |
| Bail Conditions | | | |

**JUVENILE**

| Parent / Guardian Name | Home Phone | Work Phone & Work Hours Hours From: To: | |
|---|---|---|---|
| Address | | Officer Notifying | Date & Time Notified At: |
| Parent Notified Date & Time At: | Juvenile Case Worker Notified ☐ | Conditions | Parent Guardian Signature |

**SYNOPSIS**

See attached report.

| Arresting Officer **Robinson, P.W** | Date **9/23/2006** | Supervisor Approving **O.I.C T. Roche** | Date Approved |
|---|---|---|---|

*Dana — Morse —*    ( 084864360 CT,

*David Morse*
*04...-50-1324*

## Philip Robinson

---

**From:** Steve Lyons

**Sent:** Monday, November 06, 2006 10:26 AM

**To:** Philip Robinson; Peter Youland; Michael McCaffrey

**Subject:** Wrong Name on Arrest

Phil, I received a call from a David Morse, 919-796-9125. Morse said that you arrested someone in late September for OUI and the suspect used his name. Morse would like you to call him to clear up any misunderstanding. S

**Peter Youland**

| | |
|---|---|
| From: | Karen Danis [Karen.Danis@po.state.ct.us] |
| Sent: | Monday, November 27, 2006 2:44 PM |
| To: | Peter Youland |
| Subject: | photo |

Attachments:        JPEG image



Morse.Jx (16 KB)

Sorry I sent you the wrong picture (it's Monday).  Here is the correct one.

Karen Danis
Counselor Supervisor
Corrigan-Radgowski CC
(860) 848-5754

This information may be confidential and /or privileged. If you received this in error,
please inform the sender and remove any record of this message. Please note that messages
to or from the State of Connecticut domain may be subject to Freedom of Information
statutes and regulations.

1



# WESTBROOK POLICE DEPARTMENT



*570 Main Street, Westbrook, Maine 04092*

Telephones:
Administration: (207) 854-0644
Patrol: (207) 854-2531
Detectives: (207) 854-0643
Fax: (207) 854-0648

December 13, 2006

To whom it may concern;

I Officer Peter Youland of the Westbrook Police Department spoke to a Mary Archer on today's date. I am requesting that a Dana Morse DOB 08-23-1973 be fingerprinted. The reason is to support Criminal charges for Operating under the influence, unsworn falsification. Dana used his brother's name David Morse and Date of birth while in Maine on September 23, 2006. His parole was revoked by Roger Nelson due to these allegations. Portland Maine District Attorneys Office will charge Dana with the above crimes based on a fingerprint match. I am requesting a card for our files to compare with the card taken on September 23, 2006 that was taken as David Morse.. Thank you for your assistance in this matter.

Officer Peter Youland

 

# WESTBROOK POLICE DEPARTMENT

*570 Main Street, Westbrook, Maine 04092*

Telephones:
Administration: (207) 854-0644
Patrol: (207) 854-2531
Detectives: (207) 854-0643
Fax: (207) 854-0648

January 10, 2007

Attn: Superior Court Records

    I Officer Peter Youland am requesting certified copies of the Docket records for Dana Morse DOB 08-23-1973. Please see the attached sheet. I would appreciate a response in a timely manner. The Cumberland County District Attorney will be charging Dana towards the end of January. It would be great to have this information back soon. Thank you for your attention to this matter..

Peter Youland


(Exhibit B)

# Interstate Commision for
# Adult Offender Supervision

## OFFENDER VIOLATION REPORT

| **To:**<br>Wisconsin Interstate | **Date:**<br>12/08/2006 | **Type of Supervision:**<br>Parole | **Is this case:**<br>☐ Sex Offender<br>☐ Victim Sensitive |
|---|---|---|---|
| **From:**<br>Connecticut Interstate | **Phone #:**<br>203-805-6683 | **Fax #:**<br>203-805-6652 | |

## OFFENDER INFORMATION

| Offenders full name (last, first, MI): | Offender number:<br>Sending state#: | Receiving state#: |
|---|---|---|
| Morse, Dana, | 475034 | 245679 |

**AKA:**

| SS#: (if available) | FBI#: (if available) | Sex: | Race: | DOB: |
|---|---|---|---|---|
| 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 | 396583AB3 | Male | Caucasian | 08/23/1973 |

## TYPE OF REPORT

○ Violation(s) Without Arrest  ● Arrest       ○ Conviction

## RECOMMENDATION

☐ Warrant Requested   ☒ Return To Sending State   ☐ Remain Under Supervision

## OFFENDER LOCATION

**Is Parolee Confined ? :**      ● Yes ○ No       **Current Location :**       Gates CI

## NEW ARREST INFORMATION

| Date: | City: | County: | Agency: |
|---|---|---|---|
| 09/23/2006 | Westbrook | Westbrook,Maine<br>Case #:<br>0609002051 | Police Department |

**Offense Description:** On 9/23/06, at approximately 2132 hours, a police officer with Westbrook Police Department in Westbrook, Maine observed a tan pick up truck traveling in the wrong direction on Harnois Ave, which is one way street. Police Officer Robinson stopped vehicle. The officer ran the license plate with dispatch as Connecticut combination vehicle 5CR895. The vehicle came back as not on file. As the officer approached the driver side door, he noticed in the rear bed of the truck a plastic box with about 10 empty Budweiser beer cans and a Jack Daniels liquor bottle. The officer requested from the driver of the vehicle, his drivers licence , registration and

proof of insurance. The driver then fumbled threw the glove compartment. The driver told the officer, that he did not have his license with him. The driver told the police officer, that his was David Morse with a DOB of 08/10/1969. Once the police officers conducted an investigation, the police officers arrested David Morse for Operating Under Influence. The suspect was transported to Cumberland County Jail by members of the Westbrook Police Department and charged with Operating Under Influence. The suspect was given a court date on 11/27/06. On 11/6/06, Police Officer Peter Youland from the Westbrook Police Department, received a telephone call from David Morse (DOB 08/10/1969) and stated that someone had used his name and DOB. Mr. David Morse state that his family owns a camp on Great Diamond Island here in Maine and believes that the suspect that I arrested was his brother Dana Morse (DOB 08/27/1963) and his brother Dana was in Maine traveling to the family camp on Great Diamond Island. A criminal history check was conducted through NCIC on Dana Morse and a finger print ID was located. NCIC fingerprints were compared to the fingerprints taken in the Operating Under Influence suspect by Cumberland County Corrections Officers and a positive match between the Operating Under Influence suspect prints and NCIC prints of Dana Morse.

On 11/27/06, this parole officer received a telephone call from Police Officer Youland of the Westbrook Police Department in Maine. He advised this parole officer of the above situation and faxed a copy of the police report, photo's and vehicle registration information. The vehicle is registered to Michelle Morse (wife of Dana Morse). After a case conference with District Parole Supervisor Haggan, a remand to custody was ordered. On 11/27/06, the parolee reported to Middletown Police Department for regular reporting. Parole Officers Nelson and Bransford took the parolee into custody and transported to Corraigan Correctional Institution without incident.

## CURRENT SPECIFIC VIOLATIONS

| Violation: | Date Occurred: |
|---|---|
| Wisconsin Rules of Community Supervision Condition # 2-You shall report all arrests or police contact to your agent within 72 hours. On 9/23/06, you were stopped by members of the Westbrook Police Department in Westbrook, Maine and charged with Operating Under Influence. | 09/23/2006 09/23/2006 11/27/2006 11/26/2006 |
| Connecticut Condition #11- Obey All Laws. Report Any Arrest- On 9/23/06, you were stopped by members of the Westbrook Police Department in Westbrook, Maine and charged with Operating Under Influence. | |
| Connecticut Condition #10- Travel. On 11/27/06, a criminal history check was conducted through NCIC on Dana Morse and a finger print ID was located. NCIC fingerprints were compared to the fingerprints taken in the suspect by the Cumberland County Corrections Officers and a positive match between the suspects prints and NCIC prints Dana Morse were found. | |
| Wisconsin Rules of Community Supervision Condition # 8- On 11/27/06, a criminal history check was conducted through NCIC on Dana Morse and a finger print ID was located. NCIC fingerprints were compared to the fingerprints taken in the suspect by the Cumberland County Corrections Officers and a positive match between the suspects prints and NCIC prints Dana Morse were found. | |

**Evidence:** Exhibit # A- Connecticut Board of Parole Conditions,
Exhibit # B- Wisconsin Rules of Community Supervision,
Exhibit # C- Parole Violation Report ,
Exhibit # D- Notice of Parole Violation,
Exhibit # E- Remand to Custody Order,
Exhibit # F- Police Reports from Westbrook Police Department.

## PREVIOUS VIOLATIONS

| Previous Violation: | Date Occurred: |
|---|---|
| Positive for Cocaine | 03/16/2006 |
| Positive for Cocaine | 06/07/2006 |

**Violation Description:** On 3/16/06, the parolee tested positive for cocaine. The parolee was given a misconduct report. On 6/7/06, the parolee tested positive for cocaine. The parolee was given a misconduct report.

**Parelee is not an Absonder**

| Document Signatures | |
|---|---|
| Parole Officer | Parole Supervisor |
| Name: Roger Nelson Signature: Roger Nelson Date: 01/04/2007 | Name: Joseph Haggan Signature: Joseph Haggan Date: 12/15/2006 |

## NEW CONVICTION INFORMATION



**Jim Doyle**
Governor

**Matthew J. Frank**
Secretary

# State of Wisconsin
# Department of Corrections

**Mailing Address**

Div. of Community Corrections
5706 Odana Road, 2nd Floor
Madison, WI 53719
Telephone (608) 273-5800
FAX: (608) 273-5813

Date: May 7, 2007

(Exbit C)

Court Officer Peter Youland
Westbrook Police Department
570 Main Street
Westbrook, Maine 04092

RE:     **Active Warrant for Dana Morse (DOB: 8/23/73)**
        **Indictment Aggravated Forgery x 3**
        **OUI – No Test, 3+ priors**

Dear Officer Youland,

I am Mr. Morse's Probation & Parole Agent in the State of Wisconsin. This letter is an attempt to explain our involvement with Mr. Morse, as well as his situation from September 2006 to the present.

This letter has been generated as a result of finding the above warrant issued by your agency.

The Wisconsin Department of Corrections, Division of Community Corrections has supervising authority over Mr. Morse due to the following offenses:

On 9/8/03 Mr. Morse was arrested in WI for committing the offense of Operating while Intoxicated (5th). He was convicted on 1/7/05 and was sentenced on 3/4/05 to 15 months imprisonment and 30 months extended supervision. This case is scheduled to terminate on 08/26/08. <u>This is Dane County Circuit Court Case #03CF2149.</u>

On 9/27/03 Mr. Morse was arrested in WI for committing the offense of Operating while under the Influence (6th) and Vehicle Operator Flee/Elude Officer. He was convicted on 1/7/05 and was sentenced on 3/4/05. Mr. Morse's sentence was withheld and he was placed on six (6) years Probation to run concurrent to court case # 03CF2149. This case is scheduled to terminate on 03/04/2011. <u>This is Dane County Circuit Court Case #03CF2264.</u>

On 12/29/05 Mr. Morse was released from Wisconsin State Prison System and flew directly to the State of Connecticut on an Interstate Compact Agreement. He had been supervised by the Board of Pardons and Paroles up until his arrest and subsequent extradition to WI.

On 9/23/06 Officers Robinson and Farronkopf from Westbrook PD, arrested Mr. Morse for the offense of OUI. He gave officers a false name (his brother David Morse) and was subsequently booked and released. Your agency case number/incident number is #0609002051.

In November 2006 police discovered via NCIC and fingerprints that the offender was actually Dana Morse. As a result of this offense, Mr. Morse was taken into custody at Middletown PD at the request of his Probation & Parole Officer on 11/27/06. The CT Parole Officer requested that Mr. Morse be returned to WI due to his violations:

1) Driving under the influence;
2) Being in Maine without permission from his CT officer;
3) Failing to report police contact/arrest;

Mr. Morse was scheduled for a preliminary hearing on 1/8/07, before the Board of Pardons and Paroles. 1/11/07 there was a finding by the State of Connecticut, Board of Pardons & Paroles, that there was proba. cause to believe that Mr. Morse has violated one or more of the conditions of his Parole. He was remanded custody pending a decision of extradition back to Wisconsin. It was understood that Maine officials were not g to pursue charges on the OUI, particularly since WI officials were going to extradite him back and impose sanctions.

On 2/17/07 Mr. Morse was extradited back to Wisconsin.

On 3/6/07 it was agreed by my supervisor and me that we would not revoke his probation and parole cases. Instead we decided to offer Mr. Morse an Alternative to Revocation package, which includes three months custody in the Dane County Jail, followed by an intensive Alcohol and Other Drug Abuse (AODA) treatment for 120 days in a maximum security prison facility. Mr. Morse is clearly in need of intensive AODA programming given his pattern of alcohol-related offenses.

On 5/28/07, Mr. Morse will commence his cognitive-based AODA programming at Milwaukee Secure Detention Facility, in Milwaukee, WI. Upon completion of this program, he would be expected to continue with outpatient AODA programming in the community. I am going to prepare another Interstate Compact request to CT, so they can again supervise him upon release from our facility. (Mr. Morse is native to Connecticut)

My concern is two-fold. In order for an offender to be deemed eligible for such intensive, institution-based AODA programming, all warrants and pending court matters must be rectified. At the time WI DOC extradited him back and offered him the ATR package, there were no outstanding warrants.

Secondly, Mr. Morse was in custody in the State of CT from 11/27/06 until he was extradited to WI on 2/17/07. It was our understanding from CT officials that Maine was not going to charge Mr. Morse with the OUI, hence why CT Parole officials held a preliminary hearing and requested that WI re-take authority of him to deal with these violations (OUI, etc).

I am really hoping there is some way to resolve this outstanding warrant based on the fact that he was in WI custody during the time your warrant was issued. Further he will have served nearly 12 months in custody for the OUI violation. If he were to pay the restitution on the Forgery case could that resolve the warrant? Or could the warrant be cancelled to allow Mr. Morse a chance to return to CT on an Interstate Compact at his expense, and perhaps have a court hearing scheduled around October 2007, upon his return to CT?

I would very much appreciate discussing this case and any possible options at your earliest convenience. This warrant has really complicated things on this end, and we now find ourselves in a very difficult situation. We are 100% willing to work together with you in a joint effort to prevent too much upheaval in the current rehabilitation process of Mr. Morse.

I look forward to discussing this matter with you. My direct number is 608-273-5814.

Sincerely,


Michele Krueger
Probation & Parole Agent #11217


Attachment: Letter by Mr. Morse to Westbrook PD
            Westbrook Arrest Report

# FACSIMILE
# COVER
# MESSAGE



**State of Wisconsin**
**Department of Corrections**

| TO: | | DATE: | 8/23/07 |
|---|---|---|---|

| NAME | FACSIMILE TELEPHONE NUMBER |
|---|---|
| Michael Wipple | 207-775-4229 |
| LOCATION | ROOM NUMBER   TELEPHONE NUMBER |

**FROM:**

| NAME | NUMBER PAGES (Include Cover Sheet) | FACSIMILE TELEPHONE NUMBER |
|---|---|---|
| Michele Krueger, P&P Agent | | 608-273-5813 |
| LOCATION | 6 | TELEPHONE NUMBER |
| 5706 Odana Road, Madison WI 53719 | | 608-273-5814 |

**MESSAGE:**

RE: **State of Wisconsin vs. Dana Morse**
       **Judgment of Convictions of**

Please find attached a copy of the Judgment of Convictions on Dana Morse. As we discussed, if you and the Asst. District Attorney Ms. Anderson, are able to work out a plea agreement/deal re: his OWI offense, I would definitely support an intensive inpatient rehabilitation and/or court imposed confinement time (jail).

As we discussed, it would be in the best interest of Mr. Morse and WI DOC, if the drug/alcohol programming could be completed in his home state of Connecticut. WI is planning on re-submitting an Interstate Compact request to CT, to re-take his case back for complimentary supervision, since WI DOC has cleared his violation status.

He is a resident of CT by definition of the I/C Commission, furthermore, he has family, residence and employment in CT. Therefore it would seem likely that CT will re-take this case for supervision.

If I can be of any help, please feel free to call me at the numbers listed above. Likewise, feel free to email me at: Michele.Krueger@wi.gov  I ask that you do not give this address out to Mr. Morse or his family members.

Sincerely,
Michele Krueger, Probation & Parole Agent #11217

**OPERATOR**

☐ Destroy Originals

☐ Return Originals to Sender

**Confidentiality Statement:** The information in this facsimile is intended for the named recipient only. It may contain information which is privileged and confidential. If the information is confidential, the recipient is prohibited from re-disclosing the information to other parties under Wisconsin Statutes 146.81 - 146.83 and 51.30.

If you have received this communication in error, please notify the sender immediately by telephone at the number listed.

Division of Management Services
DOC-1043 (Rev. 04/96)

5/7/07

Dana,

I left a msg. for Officer Peter Youland (Court Officer of Westbrook PD) to call me.

I also sent this letter, along w/ your letter + a copy of the police report to Officer Youland.

We will wait and see...

You have to hang in there no matter what happens. It is about your recovery and you need to deal with these sorts of things one at a time.

Will keep you posted —

Michele Krueger, P:P Agent #11217

```
*************************************************************************
MSG FROM: BPCX        DATE: 02/05/2007                  RESPOND TO: BPCZ
MESSAGE NO: 036141541      ORIGINATOR: PAROLE      OPERATOR: THARRISON
ATTN: WARDENS/RECORDS_____   REQUIRES ACTION: Y   REQUIRES REPLY: N
*************************************************************************
          ********PAROLE RELEASE AUTHORIZATION********
*************************************************************************
TO:    GATES CI                          WARDEN
FROM:  INTERSTATE PAROLE OFFICE
INMATE: MORSE, DANA                       NO. 245679
*************************************************************************
THE ABOVE NAMED INMATE IS AUTHORIZED FOR RELEASE TO PAROLE SUPERVISION
OR COMMUNITY RESIDENCE EFFECTIVE: 02 06 2007
*************************************************************************
*************************************************************************
REPORTING INSTRUCTIONS:    BODY LOCATION CODE: 7WI   JURISDICTION CODE: 900
      TO:    PARCOM CASE CLOSED. TRANSCOR AGENTS WANDA ROBINSON, JAMES
             MAXWELL, VINCENT MAPANAO, TRISHA
             VAN HALL WILL PICK UP BETWEEN 11A-12P & TRANSPORT TO WI.
      PH:  805 - 6683
SPECIAL INSTRUCTIONS: TRANSCOR WILL TRANSPORT TO WI FOR REVOCATION
                            HEARING.
I HAVE BEEN INFORMED OF MY REPORTING INSTRUCTIONS AND UNDERSTAND THEM.      IN
INMATE SIGNATURE:X  Dana Morse
                    CONNECTICUT DEPARTMENT OF CORRECTION
*************************************************************************
```