UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANA MORSE,<br>　　　　Plaintiff, | :<br>: |
| | :　　PRISONER |
| v. | :　　CASE NO. 3:08cv1757 (SRU) |
| | : |
| P.O. ROBERT NELSON, et al.,<br>　　　　Defendants. | :<br>: |

**INITIAL REVIEW ORDER**

Dana Morse, incarcerated and *pro se*, has filed an amended complaint under 42 U.S.C. § 1983 (2000). The only defendant is Connecticut Parole Officer Robert Nelson. Morse seeks damages for violation of his rights to due process and equal protection in connection with his arrest and parole revocation.

Pursuant to 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints against governmental actors "as soon as practicable after docketing," and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). The court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell*

*Atlantic v. Twombley*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)).  Conclusory allegations are not sufficient.  The plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render a claim *plausible*."  *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007), *cert. granted sub nom.*, *Ashcroft v. Iqbal*, 128 S. Ct. 2931 (2008).  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)).

The court previously dismissed Morse's original complaint for failure to allege any claims against the defendants and determined that Morse could not state a claim for false arrest.  In the amended complaint, Morse asserts claims of violation of his rights to due process and equal protection based on purported violations of several Maine statutes, 15 M.S.R.A. §§ 152, 155, 214.  These statutes all involve an arrest in Maine for an offense committed in another state.  Defendant Nelson did not arrest Morse in Maine.  Thus, the cited statutes do not support claims against defendant Nelson.  The due process and equal protection claims are dismissed.

Morse also asserts federal claims of false imprisonment, falsification of evidence and conspiracy against defendant Nelson along with state law claims for slander and defamation.  The court cannot conclude, at this time, that the claims are without merit.  Thus, the complaint will be served on defendant Nelson for these claims.

**Orders**

The court enters the following orders:

(1)    All due process and equal protection claims, based on violation of Maine statutes,

are **DISMISSED** pursuant to 28 U.S.C. § 1915A.  The case will proceed against defendant Nelson in his individual capacity on the remaining claims.

(2) **The Pro Se Litigation Office shall** contact the Department of Correction Office of Legal Affairs to ascertain the current work address of Parole Officer Roger Nelson, mail a waiver of service of process request packet to him in his individual capacity within **ten (10) business days** of this Order, and report to the court on the status of that waiver request on the **thirty-fifth (35)** day after mailing.  If defendant Nelson fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service and defendant Nelson shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).  If the Office of Legal Affairs cannot provide defendant Nelson's current work address, the Pro Se Prisoner Litigation Office shall so inform the court and Morse will be directed to provide a service address.

(3) **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(4) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5) **Defendant Nelson shall** file his response to the complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this order.  If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above.  He also may include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be

completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

    (7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

    (8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

    (9) Plaintiff may not amend his complaint to include any additional claims or defendants without first obtaining leave of court.

    Entered at Bridgeport, Connecticut this 18th day of February 2009.

                                                    /s/ Stefan R. Underhill
                                                  Stefan R. Underhill
                                                  United States District Judge