UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DANA MORSE,                            :
      Plaintiff,                     :
                                     :    PRISONER
v.                                     :    CASE NO. 3:08cv1757 (SRU)
                                     :
P.O. ROBERT NELSON, et al.,            :
      Defendants.                    :

**RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Dana Morse commenced this action to challenge the revocation of his parole. The only defendant is Connecticut Parole Officer Robert Nelson.[1] Pending are cross motions for summary judgment. For the reasons that follow, Morse's motion is denied and Nelson's motion is granted.

I.    Morse's Motion for Summary Judgment [Doc. #19]

Morse seeks entry of judgment in his favor on all claims. Rule 56(a), D. Conn. L. Civ. R., requires that a motion for summary judgment be accompanied by "a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." Rule 56(a)3 requires that each statement in the Rule 56(a)1 Statement "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be

---

[1] In the original complaint, Morse named Parole Officers Nelson and Haggan. In his amended complaint, filed January 7, 2009, he included only Parole Officer Nelson. Thus, any claims against Parole Officer Haggan are considered abandoned.

admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served" with the Local Rule 56(a)1 Statement. This specific citation requirement applies to pro se litigants as well as to attorneys. Rule 56(a)4 also requires that the movant file a memorandum in support of his motion.

Morse has not complied with any of these requirements. He has not filed a memorandum or Local Rule 56(a)1 statement in support of his motion. Thus, his motion for summary judgment is denied without prejudice for failure to comply with court rules.

II.     Nelsons' Motion for Summary Judgment [Doc. #35]

   A.     Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is therefore entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The moving party may satisfy this burden "by showing – that is pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted). Once the moving party meets this burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

When reviewing the record, the court resolves all ambiguities and draws all permissible factual inferences in favor of the party against whom summary judgment is sought. Patterson v.

County of Oneida, 375 F.3d 206, 218 (2d Cir. 2004). If there is evidence in the record on a material issue from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is inappropriate. Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004). However, "'[t]he mere of existence of a scintilla of evidence in support of the [plaintiff's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [plaintiff].'" Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004) (quoting Anderson, 477 U.S. at 252)).

    B.    Facts[2]

Morse recently completed serving a 2½ year sentence in the Maine Correctional Center following his conviction for Operating Under the Influence and Aggravated Forgery. The crimes were committed on September 23, 2006. Before that, he served a sentence in Wisconsin for Operating Under the Influence. Morse was on parole from the Wisconsin sentence at the time of the Maine arrest.

---

[2] The facts are taken from Nelson's Local Rule 56(a)1 Statement along with the attached exhibits and affidavits. See Doc. #35-3. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicates whether the opposing party admits or denies the facts set forth by the moving party. Each admission or denial must include a citation to an affidavit or other admissible evidence. In addition, the opposing party must submit a list of disputed factual issues. See D. Conn. L. Civ. R. 56(a)2 & 56(a)3. With their motion for summary judgment, defendants filed a Notice to Pro Se Litigant [Doc. #35-7] informing Morse of his obligation to respond to the motion for summary judgment, the time limit for filing his response, and of the contents of a proper response.

    Morse has filed a memorandum in opposition to the motion for summary judgment [Doc. #36] but has not filed a Rule 56(a)2 Statement. Accordingly, Nelson's facts are deemed admitted. See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with Rule 56(a)2."). Despite Morse's failure to submit the required Local Rule 56(a)2 Statement, I have considered the exhibits attached to the complaint and plaintiff's memorandum.

Nelson has been employed as a Connecticut Parole Officer for approximately twenty years. Morse, a Connecticut native, was assigned to be supervised by Nelson in Connecticut as an interstate parolee from Wisconsin. As an interstate parolee, Morse was required to comply with both the Wisconsin Parole Conditions and the Connecticut Parole Conditions. On January 4, 2006, Morse signed the Connecticut Parole Conditions. A copy of the Wisconsin conditions was forwarded to Connecticut parole officials. As conditions of his parole, Morse was prohibited from driving and could not leave the state without his parole officer's permission. In addition, the Connecticut conditions required Morse to obey all laws and report any arrests to his parole officer within 48 hours. These terms were explained to Morse and the language "NO DRIVING" was included on the conditions in two places.

On November 27, 2006, Officer Youland of the Westbrook, Maine, Police Department telephoned Nelson and informed him that Morse had been arrested in Maine on September 23, 2006. Officer Youland faxed Nelson a copy of the police report and sent him photographs of Morse taken when Morse was arrested. Nelson immediately recognized the man in the photographs as Morse. The registration information, received from Officer Youland, showed that Morse was driving his wife's pick-up truck.

Morse had a prior criminal history of six convictions for driving while intoxicated and was prohibited from driving. When Nelson read the police report, he learned that Morse had been driving while intoxicated in Maine, that he was driving his wife's truck the wrong way on a one-way street and that there were approximately ten empty beer cans and an empty whiskey bottle in the back of the pick-up truck. Morse had not been given permission to leave Connecticut and did not report his arrest to Nelson.

On November 27, 2006, Nelson met with his supervisor to discuss Morse. The supervisor ordered Morse remanded to custody based on the information provided from the Maine officials. When Morse reported to the Middletown Police Department later that day for his scheduled appointment, he was taken into custody and brought to the Corrigan-Radgowski Correctional Institution.

On December 8, 2006, Nelson served Morse with a Notice of Parole Violation and Notice of Rights at Preliminary Hearing. Morse was informed that he had violated the conditions that he report all arrests and obey all laws. The notice was based on Morse's arrest in Maine on September 23, 2006. In response to the notice, Morse requested assistance of a specific attorney.

Nelson is a parole officer. He does not schedule or conduct preliminary parole hearings. Because Morse was an interstate parolee, all information was forwarded to the Interstate Office at the Board of Parole and all arrangements were made by staff in that office. The Offender Violation Report was prepared by the Office of the Attorney General on forms required by the Interstate Commission for Adult Offender Supervision ("ICAOS") and forwarded to the Board of Parole on December 15, 2006. The Board scheduled a preliminary hearing on January 8, 2007. The hearing was conducted by Hearing Examiner Karen Tomaszewski. Prior to the hearing, Nelson was instructed to re-serve the Notice of Parole Violation to clarify that Morse was charged with violations of the provision requiring him to obey all laws and report all arrests as well as the provision prohibiting travel outside Connecticut. Morse refused to sign the report. Following the hearing, Wisconsin officials arranged for Morse's extradition back to Wisconsin.

C.  Discussion

On February 18, 2009, the court dismissed Morse's claims for false arrest, denial of due

5

process and denial of equal protection.  The remaining federal law claims, all relating to the revocation of parole, are for false imprisonment, falsification of evidence and conspiracy.  Morse also asserts state law claims for slander and defamation.  See Doc. #7 at 2.  Nelson moves for summary judgment on four grounds: (1) Morse's claims are barred under the holding in Heck v. Humphrey, 512 U.S. 477 (1994), (2) there was probable cause to remand him from parole, (3) Morse fails to demonstrate Nelson's personal involvement in his claims regarding the preliminary hearing and the interstate report, and (4) Nelson is protected by qualified immunity.  Nelson also asks the court to decline to exercise supplemental jurisdiction over the state law claims.

      1.      Heck v. Humphrey

Morse argues that he was improperly confined on the charge of violation of probation.  He contends that the charge is not supported by probable cause because he was not properly identified as the person arrested in Maine on September 23, 2006.  Nelson argues that this claim is barred by the holding in Heck v. Humphrey.

In Wilkinson v. Dotson, the Supreme Court explained that Heck v. Humphrey bars a section 1983 action, regardless of the relief sought or the specific target of the lawsuit, if success necessarily would demonstrate the invalidity of confinement.  544 U.S. 74, 81-82 (2005).  This requirement has been applied to revocation of parole.  See Bierley v. Dombrowski, 309 Fed. Appx. 594, 597 (3d Cir. 2009) (holding that inmate's claim challenging revocation of parole and subsequent imprisonment barred by Heck where inmate did not allege that parole revocation decision was overturned or declared invalid); Cougle v. County of DeSoto, Miss., 303 Fed. Appx. 164, 165 (5th Cir. 2008) (affirming grant of summary judgment under Heck where

plaintiff's complaint challenging unlawful search and arrest would necessarily imply invalidity of revocation of probation).

The Second Circuit, however, has held that Heck does not apply where the inmate has been released from custody, thus rendering moot any state habeas proceeding challenging revocation of probation or parole. See generally Jenkins v. Haubert, 179 F.3d 19, 21 (2d Cir. 1999); see also Leather v. Ten Eyck, 180 F.3d 420, 424 (2d Cir. 1999); Jean-Laurent v. Hennessy, No. 05-CV-1155(JFB)(LB), 2008 WL 5274322, at *3 (E.D.N.Y. Dec. 18, 2008) (citing cases). In this case, Morse was convicted in Maine and served his sentence there. It is not clear from the record what action was taken by Wisconsin officials regarding the Connecticut preliminary recommendation that parole be revoked in light of the Maine arrest. Morse was released from his Maine sentence in October 2009, and currently resides in East Haddam, Connecticut.[3] See Doc. #38. The court cannot determine whether there are any means available to Morse to challenge the recommendation for revocation of parole and, in light of the fact that he does not appear to have been incarcerated as a result of the recommendation for revocation of parole, it is not apparent that a decision in Morse's favor in this case would necessarily call into question the validity of a conviction. Thus, Nelson's motion for summary judgment is denied on this ground.

      2.     Probable Cause to Revoke Parole

Nelson next argues that any claims relating to his determination that Morse had violated the conditions of his probation lack merit because there was probable cause supporting the

---

[3]Although Morse included his new address on his motion for appointment of counsel [Doc. #37], he has not sent the required notice updating his address to the court. See D. Conn. L. Civ. R. 83.1(c)2 (requiring pro se litigants to provide current service address to the court).

determination. Nelson has provided documents showing that Morse pled guilty and was convicted of driving under the influence and aggravated forgery in Maine. See Doc. #35-4 at 5. The conditions of parole prohibited Morse from driving and leaving Connecticut without permission. They also required him to report any arrests. Nelson states in his affidavit that he did not give Morse permission to leave Connecticut and that Morse did not report the arrest. See Doc. #35-6, ¶¶ 4-6, 11. Morse has provided no contrary evidence.

In addition, a conviction for new offenses committed while on parole is conclusive evidence of probable cause to revoke parole. See D'Amato v. U.S. Parole Com'n, 837 F.2d 72, 79 (2d Cir. 1988) (Newman, J., concurring); Jackson v. Morrisey, No. 08-CV-029S, 2009 WL 3300259, at *7 (W.D.N.Y. Sept. 27, 2009) (same) (citing cases). Thus, Morse's conviction in Maine provides probable cause to revoke his parole on the grounds that he was driving, left Connecticut, and failed to obey all laws and report any arrest. Accordingly, Nelson's motion for summary judgment is granted with respect to all claims against Nelson relating to the recommendation to revoke parole, including the false imprisonment claim for taking Morse into custody.

   3.  Personal Involvement

Morse also asserts claims of falsification of evidence and conspiracy based on his assumption that Nelson improperly included references to fingerprint identification in the Offender Violation Report and the report following the preliminary hearing. He also alleges unconstitutional extradition. Nelson argues that he was not personally involved in those activities; he has provided affidavits of Assistant Attorney General Steven Strom, who prepared the Offender Violation Report, and Hearing Examiner Karen Tomaszewski, who prepared the

hearing report.  See Docs. ##35-4 & 35-5.

For relief, Morse seeks damages only.  In an action filed pursuant to 42 U.S.C. § 1983, liability is imposed only on the official causing a constitutional violation.  It is settled law in this circuit that in a civil rights action for monetary damages against a defendant in his individual capacity, a plaintiff must demonstrate the defendant's direct or personal involvement in the actions that are alleged to have caused the constitutional deprivation.  See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).

Nelson has provided evidence that he did not create the Offender Violation Report and was not involved in scheduling or conducting the preliminary hearing.  In addition, there is no evidence in the record that Nelson was involved in Morse's return to Wisconsin following the preliminary hearing.[4]  Absent evidence of Nelson's involvement, Morse's claims are not cognizable.  Nelson's motion for summary judgment is granted with respect to all claims for falsification of evidence, conspiracy and unconstitutional extradition.

      4.     State Law Claims

Morse also asserts state law claims of slander and defamation.  Nelson urges the court to decline to exercise supplemental jurisdiction over these claims.

Where all federal claims have been dismissed, the court may decline to exercise supplemental jurisdiction over state law claims.  See 28 U.S.C. § 1367(c)(3); Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases).  The court has granted Nelson's motion for summary judgment on all federal law claims.  Thus, the court declines to exercise

---

[4] Morse has attached to his amended complaint a letter from his Wisconsin parole officer stating that Wisconsin officials arranged for his extradition.  See Doc. #6, Ex. C .

supplemental jurisdiction over any state law claims.

III.     Conclusion

Morse's motion for Summary Judgment [**Doc. #19**] is **DENIED** without prejudice for failure to comply with local court rules. Nelson's motion for summary judgment [**Doc. #35**] is **GRANTED**. The Clerk is directed to enter judgment and close this case.

**SO ORDERED** at Bridgeport, Connecticut this 8th day of February 2010.

                                            /s/ Stefan R. Underhill
                                            Stefan R. Underhill
                                            United States District Judge